IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CERON HILL,

    Petitioner,                    No. 2:12-cv-2098 MCE DAD P

    vs.

MARTIN BITER, et al.,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came on for hearing on August 9, 2013 on respondents' motion to dismiss this action as barred by the applicable one year statute of limitations in 28 U.S.C. § 2244(d). Donald Bergerson, Esq. appeared as counsel for plaintiff. Catherine Chatman, Supervising Deputy Attorney General, appeared as counsel for respondents.

        Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

/////

/////

1

       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

       Respondents contend, and petitioner apparently does not dispute, that petitioner's conviction became final on August 9, 2011, ninety days after May 11, 2011, the date on which the California Supreme Court denied petitioner's petition for direct review. (See Lodged Doc. No. 4; see also Opp'n to Mot. to Dismiss, filed May 24, 2013 (ECF No. 25) at 7-9.) The petition was entered on the docket by petitioner's counsel on August 9, 2012 and filed on August 10, 2012. (See ECF No. 1 and docket entry thereto.) The parties disagree, however, regarding the legal consequences of these undisputed facts.

       Respondents contend that in order to be timely the federal habeas petition had to be filed by August 9, 2012, the "anniversary" of the date on which petitioner's conviction became final, and that because the petition was not docketed by the court until August 10, 2012, it is time-barred. Petitioner, on the other hand, contends that the petition was "filed" for purposes of the statute of limitations on August 9, 2012, the day it was entered into the court's

2

electronic case filing (ECF) system by petitioner's counsel. Petitioner also contends that the statute of limitations did not expire until August 10, 2012, a year and a day after his conviction became final.

The statute of limitations for petitioner's filing of his application for federal habeas relief began to run August 10, 2011, the day after petitioner's conviction became final. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Application of Patterson and its progeny would require a finding that the limitation period expired on August 9, 2012. See, e.g., Patterson, id.; see also Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th Cir. 2007). However, in Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007), the United States Court of Appeals for the Ninth Circuit held that a habeas petitioner was "required to seek federal habeas corpus relief by . . . a year and a day after his state court conviction became final." Thorson, 479 F.3d at 645. In Thorson, the conviction became final on June 25, 1997, and the court of appeals held that the petitioner "was required to seek federal habeas corpus relief by June 26, 1997." Id. at 644-45. Application of Thorson to the facts in this case would require a finding that the petition was due on August 10, 2012 and was timely whether it is deemed filed on August 9, 2012 or August 10, 2012. The court need not resolve this apparent conflict in the decisions of the Nin th Circuit, however, because an additional unique circumstance present here would render any finding that this action is time-barred, inequitable.[1]

---

[1] A panel of Ninth Circuit judges presented with contradictory circuit authority "must call for en banc review" of the question. See Atonio v. Wards Cove Packing Co., Inc., 810 F.2d 1477, 1478-79 (9th Cir. 1987). It is no longer circuit law that an appellate panel confronted with conflicting circuit authority "may, without calling for en banc review, follow the rule which has 'successfully posed as the law of the circuit for long enough to be relied upon.'" United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (quoting and overruling in part Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 636 (9th Cir. 1988). See Vasquez v. Astrue, 572 F.3d 586, 602 (9th Cir. 2009) (O'Scannlain, J., dissenting). This court has been unable to find any authority to guide a district court confronted with conflicting circuit authority. Respondents contend that the "year and a day" language in Thorson is dicta because the issue before the court in that case was whether the petitioner was entitled to statutory tolling for certain periods of time. "A statement is dictum when it is '"made during the course of delivering a judicial opinion, but . . . is unnecessary to the decision in the case and [is] therefore not

        Under the Local Rules of this Court, as a general matter attorneys are required to file documents electronically, including new civil actions.  L.R. 121(d); 133(a).  As noted above, the court's records reflect that petitioner's counsel entered the habeas petition into this court's ECF system on August 9, 2012.  Credit card payment for the $5.00 filing fee for this action was not made until the next day.[2]  (See ECF No. 2.)  In accordance with the Advisory Committee Notes to Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, in light of the one-year limitation period of 28 U.S.C. § 2244(d)(1), a habeas petition is to be filed the day it is tendered to the court even if it lacks "the requisite filing fee or an *in forma pauperis form*."  Advisory Committee Note to 2004 Amendments to Rule 3, 28 U.S.C. foll. § 2254.  Here, that date was August 9, 2012, when petitioner's counsel entered the habeas petition into the court's ECF system.

        For the foregoing reasons, this court finds that the petition in this action was timely filed on August 9, 2012.  Accordingly, respondents' motion to dismiss should be denied and respondents directed to answer the petition.    .

        In accordance with the above, IT IS HEREBY RECOMMENDED that

        1.  Respondents' January 29, 2013 motion to dismiss be denied;

        2.  Respondents be directed to file an answer to petitioner's habeas petition within sixty days from the date of any order by the district court adopting these findings and

---

precedential.'"  Best Life Assur. Co. v. Comm'r, 281 F.3d 828, 834 (9th Cir.2002) (quoting Black's Law Dictionary 1100 (7th ed.1999)).  The line is not always easy to draw, however, for 'where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense.'  United States v. Johnson, 256 F.3d 895, 914 (9th Cir.2001) (Kozinski, J., concurring)."  Cetacean Community v. Bush, 386 F.3d 1169, 1173 (9th Cir. 2004).  In view of this definition, it is not clear that the relevant language in Thorson is in fact dicta.  Fortunately, for the reasons discussed above, the court need not resolve either of these questions in this case.

[2] At the hearing on the motion, counsel for petitioner attributed this delay to confusion about how to tie the credit card payment to the petition and unsuccessful efforts to contact the Clerk of the Court on August 9, 2012 to resolve the question.

recommendations, see Rule 4, 28 U.S.C. foll. § 2254, accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254; and

      3. Petitioner's traverse, if any, be filed and served within thirty days after service of the answer.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
hill12cv2098.mtd